UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE SANTIAGO,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

         v.                                        05CV32S

                                                      **Order**

CORRECTION OFFICER STAMP, et al.,

                Defendants.

      Plaintiff in this action again (cf. Docket No. 5) has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Docket No. 16), and also seeks appointment of a medical expert.

      Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit pro se.  28 U.S.C. § 1654.

Plaintiff also seeks appointment of a medical expert.  While the Court may reimburse the expense of a medical expert when counsel is appointed, see W.D.N.Y. Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel, there is no such provision for appointing an expert for an in forma pauperis pro se party.  Section 1915 does not provide a basis for such an expenditure.  As a result, this request is also **DENIED**.

So Ordered.

                                                          /s/ Hugh B. Scott
                                                          Honorable Hugh B. Scott
                                                          United States Magistrate Judge

Dated: Buffalo, New York
        December 14, 2005