UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE SANTIAGO,

                Plaintiff,

                                                                             **Hon. Hugh B. Scott**

                    v.

                                                                            05CV32S

                                                                             **Order**

CORRECTION OFFICER STAMP,
NURSE BOB BRANDT,
DOCTOR JOHN ALVES,

                Defendants.

Before the Court is plaintiff's motion to compel (Docket No. 19). This action was referred to the undersigned for pretrial matters (Docket No. 9, July 25, 2005). Responses to this motion were due by January 31, 2006, and any reply was due by February 10, 2006. The motion was deemed submitted as of February 10, 2006.

## BACKGROUND

In this prisoner civil rights action for alleged abuse of authority and denial of ordered medical care (see Docket No. 21, Pl. Memo. of Law at 1), plaintiff is proceeding pro se. Upon plaintiff's motion to proceed in forma pauperis (Docket No. 2), the Court granted that status but dismissed certain claims, leaving the claim that defendants were deliberately indifferent to plaintiff's medical care when they allegedly confiscated his catheter and related items from his cell (see Docket No. 26, Def. Atty. Decl. ¶ 18; Docket No. 1, Compl. ¶¶ 15-18; Docket No. 4, Order).

Plaintiff has sought production from defendants and now moves to compel that production (Docket No. 19), since he was not satisfied with the objections given by defendants to his production requests (see Docket No. 20, Pl. Aff.). Plaintiff served (but did not file[1]) his First Request for Production of Documents on or about October 5, 2005 (see Docket No. 26, Def. Atty. Decl. ¶ 3). Defendants contend that the request was mailed on October 6, 2005 (id. ¶ 12, Ex. A). Defendants filed their mandatory disclosures, with proof of service upon plaintiff, on October 31, 2005 (Docket No. 14), pursuant to this Court's Scheduling Order (Docket No. 13; see Docket No. 26, Def. Atty. Decl. ¶ 5). Included with their response was a letter indicating that many of the documents sought by plaintiff were in the custody of non-party New York State Department of Correctional Services ("DOCS") and, once received by defense counsel, would be produced to plaintiff (Docket No. 26, Def. Atty. Decl. ¶ 5). They served their objections and responses to plaintiff's requests on November 8, 2005 (Docket No. 14; Docket No. 16, Def. Atty. Decl. ¶ 13). Defendants then filed a supplemental response to plaintiff's initial demand, with proof of service upon plaintiff (Docket No. 25, Jan. 31, 2006).

## DISCUSSION

I.    Timeliness of Defense Response to Plaintiff's Requests

Plaintiff argues that any objections defendants had were waived because their response to his discovery demands were untimely. Defendants contend that they answered within the requisite time, see Fed. R. Civ. P. 34(b) (30 days to respond). Plaintiff served his requests by mail, see Fed. R. Civ. P. 5(b)(2)(B), on October 5, 2005 (see Docket No. 26, Def. Atty. Decl.

---

[1] Compare this District's Local Civil Rule 7.1(a)(1), which requires filing with the Court of "all discovery materials" in pro se cases.

¶ 3). The period for defendants to respond to these demands began to run the day after, or October 6, 2005, see Fed. R. Civ. P. 6(a), and was given by rule three additional days to respond due to the mailing of the demands, Fed. R. Civ. P. 6(e), for 33 days total, or by November 8, 2005. Defendants served their response by November 8, 2005, hence timely. Any objections raised therein were not waived.

II.     Merits of Defense Objections

Defendants raised in their discovery responses several objections to production, asserting that the requests (seeking all documents regarding complaints against each defendant and any sanctions imposed thereupon for the last fifteen years) were irrelevant to the present claim, overly broad, vexatious, oppressive, and that the documents were in possession of non-party DOCS (see, e.g., Docket No. 26, Def. Atty. Decl. ¶ 16). Defendants later supplemented their responses with documents received from the non-party DOCS. In particular, defendants obtained information from DOCS in response to plaintiff's request 4, finding that DOCS's records did not indicate that any of the defendants were sanctioned (id. ¶ 22). Defendants complain that responding to documents plaintiff sought for the last fifteen years would be oppressive (id. ¶ 24). Plaintiff has not replied with objections to defendants' supplemental production.

Unless plaintiff has specific objections to the material he now has, his motion to compel is **denied.**

As for production of fifteen years' worth of defendants' disciplinary records, plaintiff has not shown the relevance of defendants' prior bad acts for the last fifteen years. He contends that this material is relevant because he has information that the three defendants had repeated complaints against them for mistreating inmates and these complaints were never addressed

3

(Docket No. 21, Pl. Memo. of Law at 4). He claims that this evidence may be admissible for proof of motive, opportunity, intent, and other exceptions from the bar against their admissibility under Federal Rule of Evidence 404(b) as evidence of other crimes, wrongs or bad acts (id. at 5). Such production would be onerous, oppressive and overly broad. This particular demand is also **denied**.

## **CONCLUSION**

As a result of the foregoing, plaintiff's motion to compel (Docket No. 19) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
    March 21, 2006