UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE SANTIAGO,

        Plaintiff,

v.

**DECISION AND ORDER**
05-CV-32S

CORRECTION OFFICER STAMP, NURSE
BOB BRANDT AND DOCTOR JOHN ALVES,

        Defendants.

## I. INTRODUCTION

In this action, pro se Plaintiff Jose Santiago alleges pursuant to 42 U.S.C. § 1983 that Defendants violated his Eighth Amendment rights by denying him adequate medical treatment while he was an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). Presently before this Court is Defendants' Motion for Summary Judgment.[1] This Court has reviewed and considered the motion papers and finds that oral argument is unnecessary. For the following reasons, Defendants' motion is granted in its entirety.

## II. BACKGROUND

**A.    Procedural History**

Plaintiff's Complaint was entered on the docket on January 14, 2005. Because Plaintiff was granted *in forma pauperis* status, his Complaint was screened pursuant to 28

---

[1] In support of their Motion for Summary Judgment, Defendants filed the following documents: a memorandum of law, a Rule 56 Statement of Undisputed Facts, the Declaration of Michael Stamp, with attached exhibits, the Declaration of John Alves, M.D., with attached exhibits, and the Declaration of Robert Brandt, with attached exhibits. In opposition to Defendants' motion, Plaintiff filed a comprehensive submission that included the Declaration of Jose A. Santiago, a memorandum of law, a Rule 56 Statement of Undisputed Facts, and a Statement of Disputed Facts.

1

U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  As a result of this screening process, it was determined that only Plaintiff's claim that he was denied adequate medical care was actionable.[2]  Defendants' filed the instant Motion for Summary Judgment on May 10, 2006. After this Court granted an extension of time, Plaintiff filed his response on June 21, 2006. The facts underlying Plaintiff's claim are discussed below.

**B.     Facts**

This case involves Plaintiff's claim that Defendants intentionally denied him access to catheter supplies, which he contends he needed in order to urinate.  At all times relevant, Plaintiff was an inmate in the custody of the DOCS residing at the Southport Correctional Facility ("Southport").  (Defendants' Rule 56 Statement of Undisputed Facts ("Defendants' Statement"), ¶ 2.)  Defendants Michael Stamp, Robert Brandt and John Alves, M.D., are, and were at all times relevant, employed by DOCS in various capacities. (Defendants' Statement, ¶¶ 1, 11, 17.)  Defendant Stamp is a correctional officer. (Defendants' Statement, ¶ 1.)  Defendant Brandt is a registered nurse.  (Defendants' Statement, ¶ 11.)  Defendant Alves is a physician and the Facility Health Services Director at Southport.  (Defendants' Statement, ¶ 17.)

Plaintiff states that he was examined by a "specialist" while he was previously incarcerated at the Elmira Correctional Facility in 2001 and 2002.  (Santiago Decl., ¶ 4.) This "specialist" determined that Plaintiff had a "bladder problem" that caused him to need the assistance of a catheter to fully empty his bladder.  (Santiago Decl., ¶ 4.)  The medical

---

[2]On May 26, 2005, the Honorable Charles J. Siragusa, United States District Judge, dismissed Plaintiff's claims involving an allegedly false misbehavior report and constitutionally infirm disciplinary hearing.  (See Docket No. 4.)

staff at Elmira provided Plaintiff the necessary supplies and instructed him on how to use a catheter. (Santiago Decl., ¶ 4.) According to Plaintiff, his medical condition was not similarly accommodated when he became an inmate at Southport.

On June 20, 2003, while at Southport, Plaintiff was released from his cell for an hour of exercise. (Santiago Decl., ¶ 5.) After 15 or 20 minutes, Plaintiff felt the need to urinate and allegedly asked Defendant Stamp to allow him to return to his cell to retrieve his medical supplies for use in the bathroom. (Santiago Decl., ¶ 5.) Defendant Stamp allegedly refused to permit Plaintiff to exit the exercise yard for this purpose. (Santiago Decl., ¶ 5.) Thereafter, Defendant Stamp observed Plaintiff urinating on the corner of a building in the exercise yard (without the assistance of a catheter), and issued him a Misbehavior Report. (Defendants' Statement, ¶¶ 9, 13.)

After this incident, Defendant Stamp visually inspected Plaintiff's cell and observed what appeared to be the cut-off finger of a latex glove containing feces. (Defendants' Statement, ¶ 3.) As a result of this discovery, Defendant Stamp's supervisor authorized a full cell-frisk of Plaintiff's cell. (Defendants' Statement, ¶¶ 4, 8.) At approximately 8:00 a.m., Defendant Stamp conducted the cell-frisk and recovered the following items: a Rowaca enema kit; #84 betadine (iodine) pads; 29 pairs of gloves; 6 catheter tips (1 tampered with); 4 catheters; 16 lubriderms; and expired oxybutrin medication. (Defendants' Statement, ¶ 4.)

Defendant Stamp confiscated the stockpiled medical supplies because Plaintiff's possession of them violated the DOCS rules and regulations. (Defendants' Statement, ¶ 5.) He then completed a Contraband Receipt and turned the items over to medical staff. (Defendants' Statement, ¶ 5.) Plaintiff received a Misbehavior Report for possessing the

items and was charged with various violations. (Defendants' Statement, ¶ 6.) Plaintiff does not deny that he possessed these items, but he disputes the circumstances under which they were discovered. (Santiago Decl., ¶¶ 6-7, 9.)

At 11:30 a.m., Defendant Brandt, at Defendant Alves' direction, issued Plaintiff 1 catheter, 1 pair of gloves, 1 lubricant, and 2 betadine pads. (Defendants' Statement, ¶ 14.) Plaintiff disputes the timing and course of events after the cell-frisk, but essentially agrees that he was provided additional medical supplies later in the day. (Santiago Decl., ¶¶ 9, 12, 15, 16.)

Thereafter, Defendant Alves examined Plaintiff on June 25, 2003, and advised him that he ordered that he be provided 1 pair of gloves and 1 catheter per week, as well as 1 lubricant and 2 betadine pads per day. (Defendants' Statement, ¶ 23.) Defendants maintain that Plaintiff refused to accept such supplies on at least two occasions – June 27 and July 1, 2003. (Defendants' Statement, ¶ 16.)

Plaintiff alleges that the medical supplies provided were insufficient to meet his needs. (Santiago Decl., ¶¶ 14, 16.) Specifically, he states that he was given 1 catheter to use for 8 to 10 days. (Santiago Decl., ¶ 16.) He further maintains that the 1 lubricant and 2 betadine pads that were issued to him for the week were consumed during his first catheter use. (Santiago Decl., ¶ 16.) Consequently, he alleges that he was forced to use a dirty catheter in an improper and unhygienic manner. (Santiago Decl., ¶ 16.) As a result, his penis became swollen and infected, and he contracted a urinary tract infection. (Santiago Decl., ¶ 17.) He contends that he was bleeding from the inside and outside of his penis, and that his penis became cut and blistered from swelling. (Santiago Decl., ¶ 17.) He alleges that he put in for a sick call every day, but Defendants did not correct his

condition. (Santiago Decl., ¶ 17.)

### III. DISCUSSION

Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

Plaintiff argues that Defendants confiscated his necessary medical supplies and thereafter refused to provide him with further supplies to properly address his medical condition. By doing so, Plaintiff argues, Defendants unlawfully delayed and denied him necessary medical treatment and were indifferent to his medical needs, thus causing him to suffer unnecessary pain and injury in violation of the Eighth Amendment.

Defendants deny Plaintiff's claims and argue that they are entitled to summary judgment because Plaintiff can meet neither the objective nor subjective components of an Eighth Amendment claim, and in any event, they are entitled to the protections of qualified immunity. The parties' respective positions are discussed below.

**A.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.

Civ. P. 56(c). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

At this stage, the function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Thus, summary judgment is not appropriate if "there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford, 316 F.3d at 354.

When deciding a motion for summary judgment, a court must view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970). However, the party against whom summary judgment is sought "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

**B.     Eighth Amendment Claim: Denial of Medical Treatment**

Civil liability is imposed under 42 U.S.C. § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). Accordingly, as a threshold matter in reviewing claims brought pursuant to § 1983, it is necessary to precisely identify the constitutional violations alleged. See Baker, 443 U.S. at 140. Here, Plaintiff's § 1983 denial of medical treatment claim is grounded in the Eighth Amendment.

The Eighth Amendment to the United States Constitution applies to the States through the Fourteenth Amendment, and "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297, 11 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); U.S. Const. amend. VIII. As such, prison conditions and the treatment prisoners receive while incarcerated are subject to scrutiny under the Eighth Amendment. See DeShaney v. Winnebago County Dept. of Social Svcs., 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-1006, 103 L.Ed.2d 249 (1989). In addition, the Supreme Court has recognized that a prisoner's claim that he was intentionally denied medical treatment is cognizable under the Eighth Amendment and § 1983:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison

7

> doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.
>
> . . .
>
> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment.

Estelle v. Gamble, 429 U.S. 97, 104, 106, 97 S.Ct. 285, 291, 292, 50 L.Ed.2d 25 (1976)(quotations and citations omitted).

"A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components – one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) (citing Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999)). With respect to a claim of deliberate indifference to a serious medical need, a prisoner must show that he suffered from a "sufficiently serious" medical condition, see Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), and that the defendants acted with a "sufficiently culpable state of mind," Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

The subjective component "requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." Sims, 230 F.3d at 21 (citations omitted). The objective component is "contextual and responsive to

8

contemporary standards of decency." Id. (quoting Hudson, 503 U.S. at 8).

> "An official acts with the requisite deliberate indifference when he 'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

Brown v. Picarelli, No. 96 Civ. 1222, 2003 WL 1906180, at *6 (S.D.N.Y. Apr. 15, 2003)(quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)).

This Court has reviewed the motion papers, affidavits and evidence submitted by the parties. Based on that review, this Court finds that Plaintiff has failed to demonstrate the existence of any genuine issue of material fact regarding his Eighth Amendment denial of medical treatment claim. There are disputed issues of fact, particularly concerning the sequence and timing of events that took place on June 20, 2003. However, these issues do not preclude summary judgment because they are not material to Plaintiff's medical treatment claim. Even viewing the facts and all of the evidence in the light most favorable to Plaintiff, this Court finds that Plaintiff's claim fails.

First, Plaintiff has failed to establish through competent and reliable evidence that he suffers from a sufficiently serious medical condition, or that Defendants' actions resulted in him suffering a serious medical condition. Plaintiff has not provided any medical documentation supporting his claim that he suffers from a "bladder problem" requiring the repeated use of a catheter. He apparently suffers from some problem based on the fact that the medical unit provides him with catheters and related supplies, but it is equally clear from the undisputed incident in the exercise yard that Plaintiff can urinate without the assistance of a catheter. In addition, although Plaintiff claims that he contracted various

9

infections and experienced pain, swelling and blisters from having to use dirty and insufficient supplies, there is no objective evidence from which it could be reasonably concluded that Plaintiff in fact contracted those conditions.  Nor is there any evidence supporting his claim that he requested daily sick calls.[3]

Second, even assuming Plaintiff suffered from a medical condition, his failure to submit supporting medical evidence precludes him from demonstrating that his condition is sufficiently serious to implicate his constitutional rights.  More than minor discomfort or injury is required in order for a plaintiff to demonstrate a serious medical condition implicating the Eighth Amendment.  See Evering v.  Rielly, No. 98 CIV. 6718, 2001 WL 1150318, *9 (S.D.N.Y. Sept. 28, 2001). The Second Circuit has set forth a number of factors to be considered, including but not limited to, "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain."  Chance, 143 F.3d at 702 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citations omitted)).  In the end, the alleged deprivation must be "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  Hathaway, 99 F.3d at 553; see also Chance, 143 F.3d at 702.

---

[3] In his declaration, Plaintiff indicates that he could not submit medical documentation in support of his claim because he was in the Special Housing Unit, but that he would provide such evidence "as soon as I can." (Santiago Decl., ¶ 18.)  It has now been nearly 9 months since Plaintiff filed his declaration, and he has yet to file any evidence to substantiate his claims.  Plaintiff has thus failed to meet his burden.  See FED. R. CIV. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"); see Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994) ("mere allegations or denials" not enough to defeat summary judgment); Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (conclusory allegations and unsubstantiated speculation cannot defeat summary judgment).

This Court finds that Plaintiff has not established that his "bladder condition" and alleged painful and infected penis constitute serious medical conditions. There is simply no evidence in the record from which this Court could conclude that Plaintiff in fact suffered from these conditions, let alone whether they are sufficiently serious for Eighth Amendment purposes. As such, no reasonable jury could find that Plaintiff suffered from an untreated medical condition that was "sufficiently serious, in the sense that [it was] a condition of urgency, one that may produce death, degeneration, or extreme pain." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998).

Third, even assuming that Plaintiff could establish that he suffers from a sufficiently serious medical condition such that he is able to meet the objective component of an Eighth Amendment claim, this Court finds that Plaintiff cannot meet the subjective component because there is no evidence that Defendants acted wantonly.

The record supports Defendants' contention that the medical supplies Plaintiff had stockpiled in his cell were confiscated not to deprive Plaintiff of medical treatment, but because they were considered contraband. (Stamp Decl., ¶¶ 8, 9, 11.) However, even if it is assumed that the medical supplies were not contraband, Plaintiff suffered no physical harm from their seizure, and Defendants did not act with indifference, because Defendants provided suitable catheters and related supplies just three hours after the cell-frisk. (Alves Decl, ¶ 13; Brandt Decl., ¶ 12.) Moreover, Dr. Alves ordered that Plaintiff be provided additional medical supplies on a regular basis to treat his condition. (Alves Decl., ¶¶ 13, 16, 18.) Plaintiff may not agree with Dr. Alves' medical opinion regarding the quality and quantity of the supplies provided, but Plaintiff is neither a physician, nor is he entitled to choose his own course of treatment. See Armstrong, 143 F.3d at 703 ("it is well-

11

established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Plaintiff simply cannot demonstrate that Defendants acted with a sufficiently culpable state of mind to meet the deliberate indifference standard. See Hathaway, 37 F.3d at 66. To the contrary, the record contains evidence that demonstrates that Defendants recognized and attempted to treat and accommodate Plaintiff's "bladder condition" within Southport's rules and regulations. (Stamp Decl., ¶ 14.) Plaintiff's medical supplies were confiscated because they were deemed unauthorized contraband. However, Defendants provided him with new, appropriate medical supplies only hours later, and made adequate arrangements for the regular delivery of additional supplies. In this Court's view, no reasonable jury could find on this record that Defendants were deliberately indifferent to Plaintiff's medical needs.

Accordingly, for the reasons stated above, this Court finds that Defendants are entitled to summary judgment on Plaintiff's claim that he was denied adequate medical treatment in violation of his Eighth Amendment rights.

**C.     Qualified Immunity**

Defendants argue that, even assuming that there was a constitutional deprivation, they are entitled to qualified immunity. Officials are protected from § 1983 liability on the basis of qualified immunity if their actions (1) did not violate clearly established law or (2) it was objectively reasonable for the officials to believe that their actions did not violate the law. See Warren v. Keane, 196 F.3d 330, 332 (2d Cir. 1999). As discussed above, this

Court finds that Defendants' treatment of Plaintiff was reasonable. Moreover, it is objectively reasonable to conclude that Defendants' believed that their own actions were reasonable: they evaluated and assessed Plaintiff's medical condition, they identified him as having a medical need for catheter supplies, and they provided appropriate medical supplies and treatment in a timely manner. Accordingly, this Court finds that even assuming the existence of a constitutional violation, Defendants are entitled to qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion for Summary Judgment (Docket No. 31) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:      March 4, 2007
            Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M.  SKRETNY
                                        United States District Judge