UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE SANTIAGO,

              Plaintiff,

v.   **DECISION AND ORDER**
    05-CV-32S

NURSE BOB BRANDT AND
DOCTOR JOHN ALVES,

              Defendants.

    1.    In this action, pro se Plaintiff Jose Santiago alleges pursuant to 42 U.S.C. § 1983 that Defendants violated his Eighth Amendment rights by denying him adequate medical treatment while he was an inmate in the custody of the New York Department of Correctional Services.

    2.    On March 5, 2007, this Court filed a Decision and Order granting Defendants' Motion for Summary Judgment, finding that Plaintiff "failed to establish through competent and reliable evidence that he suffers from a sufficiently serious medical condition, or that Defendants' actions resulted in him suffering a serious medical condition." (March 5, 2007 Decision & Order, Docket No. 42, p. 9.) This Court noted that no evidence was submitted supporting Plaintiff's claim that he requested daily sick calls, and it further noted that despite Plaintiff's representation that he would submit such evidence, nothing was received in nearly nine months. (March 5, 2007 Decision & Order, p. 10.) Plaintiff appealed.

    3.    On December 23, 2008, the Second Circuit Court of Appeals issued a decision affirming in part, vacating in part, and remanding the case for further proceedings. See Santiago v. Stamp, 303 Fed.Appx. 958, 2008 WL 5381238 (2d Cir. 2008) (per curiam

1

summary order). The Mandate was filed on March 5, 2009. (Docket No. 45.)

4.  The Second Circuit affirmed the grant of summary judgment to Defendant Correction Officer Stamp, finding that there is no evidence that he acted with deliberate indifference. Santiago, 2008 WL 5381238, at *3. The Clerk of the Court will therefore be directed to enter judgment in Defendant Stamp's favor and terminate him as a defendant in this action.

5.  The Second Circuit vacated the grant of summary judgment to Defendants Nurse Bob Brandt and Doctor John Alves, finding that in light of his pro se status, this Court should have construed medical records Plaintiff filed after this Court's Decision and Order as a Motion to Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or as a Motion for Relief from Judgment under Rule 60(b)(1) and (6). Santiago, 2008 WL 5381238, at *2. Review of the docket reveals that no such medical documents were filed after this Court's decision. Rather, it appears that Plaintiff's packet of documents was inadvertently placed into the court file without first being filed on the docket. Thus, this Court had no knowledge of Plaintiff's submission. Moreover, it is unclear whether Defendants were served with these documents at that time.

6.  Accordingly, pursuant to the Second Circuit's Mandate, the Clerk of the Court will be directed to file Plaintiff's submission as a motion under Rule 59(e) and Rule 60(b)(1) and (6), and a briefing schedule will be put in place. Santiago, 2008 WL 5381238, at *3 (instructing this Court to "construe Santiago's late filings as Rule 59(e) and Rule 60(b)(1) and (6) motions").

IT HEREBY IS ORDERED, that the Clerk of the Court shall enter judgment in

Defendant Correction Officer Stamp's favor and terminate him as a defendant in this case.

FURTHER, that the Clerk of the Court shall file Plaintiff's late submission on the docket as a motion under Rules 59(e) and Rule 60(b)(1) and (6).

FURTHER, that Plaintiff shall file any further submissions in support of his Rule 59(e) and Rule 60(b)(1) and (6) motion on or before May 18, 2009.

FURTHER, that Defendants shall file a response to Plaintiff's motion on or before June 18, 2009.

FURTHER, that Plaintiff may file a reply by July 9, 2009.

FURTHER, that Plaintiff's motion will be taken under advisement without oral argument.

SO ORDERED.

Dated: April 13, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge