UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE SANTIAGO,

                    Plaintiff,

          v.                                          **DECISION AND ORDER**
                                                            05-CV-32S

NURSE BOB BRANDT AND
DOCTOR JOHN ALVES,

                    Defendants.


        1.      In this action, pro se Plaintiff Jose Santiago alleges pursuant to 42 U.S.C. §

1983 that Defendants violated his Eighth Amendment rights by denying him medical

supplies and adequate medical treatment while he was an inmate in the custody of the

New York Department of Correctional Services.  Presently before this Court is Plaintiff's

post-judgment motion seeking relief under Rules 59 and 60 of the Federal Rules of Civil

Procedure and his motion for assignment of an attorney.  For the following reasons, the

motions are denied.

        2.      On March 5, 2007, this Court granted Defendants' Motion for Summary

Judgment, finding that Plaintiff "failed to establish through competent and reliable evidence

that he suffers from a sufficiently serious medical condition, or that Defendants' actions

resulted in him suffering a serious medical condition."  (March 5, 2007 Decision & Order,

Docket No. 42, p. 9.)  This Court noted that no evidence was submitted supporting

Plaintiff's claim that he requested daily sick calls, and it further noted that despite Plaintiff's

representation that he would submit such evidence, nothing was received in nearly nine

months.  (March 5, 2007 Decision & Order, p. 10.)  Plaintiff appealed.

3.      On December 23, 2008, the Second Circuit Court of Appeals issued a decision affirming in part, vacating in part, and remanding the case for further proceedings. See Santiago v. Stamp, 303 Fed.Appx. 958, 2008 WL 5381238 (2d Cir. 2008) (per curiam summary order). The Mandate was filed on March 5, 2009.  (Docket No. 45.)

4.      The Second Circuit affirmed the grant of summary judgment to Defendant Correction Officer Stamp, finding that there is no evidence that he acted with deliberate indifference.  Santiago, 2008 WL 5381238, at *3.  But it vacated the grant of summary judgment to Defendants Nurse Bob Brandt and Doctor John Alves, finding that in light of his pro se status, this Court should have construed medical records Plaintiff filed after this Court's Decision and Order as a Motion to Amend the Judgment under Rule 59(e), or as a Motion for Relief from Judgment under Rule 60(b)(1) and (6).  Santiago, 2008 WL 5381238, at *2.  Review of the docket reveals that no such medical documents were filed after this Court's decision.  Rather, Plaintiff's packet of documents was inadvertently placed into the court file without first being filed.  Thus, this Court had no knowledge of Plaintiff's submission.   Moreover, it is unclear whether Defendants were served with these documents at that time.

5.      Nonetheless, in accordance with the Second Circuit's Mandate, this Court directed that Plaintiff's submission be filed as a motion under Rule 59 (e) and Rule 60 (b)(1) and (6), and a briefing schedule was put in place.  (Docket No. 46.)  Briefing on Plaintiff's motion concluded on December 29, 2009.  Thereafter, Plaintiff moved for appointment of counsel on September 10, 2010.

6.      Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry.   "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).   Relief can also be granted to "correct a clear error or prevent manifest injustice."  Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).  The existence of new evidence may also justify reconsideration.  See Virgin Atl., 956 F.2d at 1255.  The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  The decision to grant a Rule 59(e) motion is within the sound discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

7.      Plaintiff also moves for relief from the judgment under Rule 60.  Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable neglect, and (2) any other reason that justifies relief.  Fed. R. Civ. P. 60 (b)(1) and (6).  Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice."  Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.

1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").  When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments."  Nemaizer, 793 F.2d at 61.  Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing' evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party."  Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)).  The decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court.  In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

8.    As directed, this Court has now considered Plaintiff's post-judgment medical evidence.  As the Second Circuit found, this evidence substantiates Plaintiff's claim that he suffered from a urinary tract infection that may have been untreated or improperly treated by Defendants Alves and Brandt.  Santiago, 2008 WL 5381238, at *2.  This finding directly conflicts with this Court's earlier conclusion that Plaintiff had not submitted sufficient evidence of his medical conditions, thereby warranting reexamination. Reconsideration as to that issue is therefore granted, and this Court finds that Plaintiff has set forth sufficient evidence that he suffers from a medical condition.

9.      But this does not end the inquiry.  The existence of a medical condition is just one piece of the Eighth Amendment analysis.  "A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components – one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) (citing Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999)).  With respect to a claim of deliberate indifference to a serious medical need, a prisoner must show that he suffered from a "sufficiently serious" medical condition, see Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), and that the defendants acted with a "sufficiently culpable state of mind," Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

10.     The subjective component "requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." Sims, 230 F.3d at 21 (citations omitted).    The objective component is "contextual and responsive to contemporary standards of decency." Id. (quoting Hudson, 503 U.S. at 8).

> "An official acts with the requisite deliberate indifference when he 'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"

Brown v. Picarelli, No. 96 Civ. 1222, 2003 WL 1906180, at *6 (S.D.N.Y. Apr. 15, 2003)(quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)).

11.    A number of factors must be considered to determine whether a medical condition is sufficiently serious to raise constitutional concerns, including but not limited to, "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Chance, 143 F.3d at 702 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citations omitted)).  The alleged deprivation must be "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  Hathaway, 99 F.3d at 553; see also Chance, 143 F.3d at 702.

12.    Having considered the additional medical evidence, this Court is satisfied that Plaintiff has put forth adequate proof that his unresolved urinary tract infection presents an urgent medical need sufficient to implicate the Eighth Amendment. See Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) ("prisoner must prove that the alleged deprivation of medical treatment is, in objective terms, sufficiently serious — that is, the prisoner must prove that his medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain"); Chance, 143 F.3d at 701-02 (medical condition is sufficiently serious if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain").  Nonetheless, Plaintiff's claim fails because there is no evidence that Defendants acted wantonly.  See Johnson, 412 F.3d at 403 ("prisoner must prove that the charged official acted with a sufficiently culpable state of mind").

13.     But as to Plaintiff's claim concerning the temporary lack of a catheter and related medical supplies, the unrebutted evidence indicates that Defendants confiscated Plaintiff's medical supplies the morning of June 30, 2003, because he had stockpiled and altered them.  (Declaration of John Alves, M.D. ("Alves Decl."), Docket No. 53, ¶¶ 5, 7 and Exhibit A; Declaration of Robert Brandt ("Brandt Decl."), Docket No. 53, ¶¶ 7-9.)  They were thus considered contraband.  (Brandt Decl., ¶ 16.)  Defendants, however, recognized Plaintiff's need for medical supplies, and therefore provided suitable catheters and related supplies just three hours after the cell-frisk.  (Brandt Decl., ¶¶ 10, 11.)  Although Plaintiff maintains that his lack of access to these supplies for three hours was serious because he was left without a way to catheterize himself, his claim is significantly undercut  by the fact that on the same day his medical supplies were confiscated, he was issued a Misbehavior Report for urinating, unassisted, on the corner of a building in the yard.  (Brandt Decl., ¶ 8; Alves Decl., Exhibit B.)  Thus, the temporary interruption in Plaintiff's possession of self-catheterization supplies neither prevented him from urinating, nor caused him pain. <u>See</u> <u>Smith v. Carpenter</u>, 316 F.3d 178, 185 (2d Cir. 2003) ("When the basis for a prisoner's Eighth Amendment claims is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in "objective terms, sufficiently serious," to support an Eighth Amendment claim") (emphasis in original).  Consequently, it cannot reasonably be concluded that Plaintiff's brief interruption in access to catheter supplies is sufficiently serious to implicate the Eighth Amendment.  Summary Judgment in Defendants favor on this claim is therefore warranted, because Plaintiff fails to meet the objective

prong of the analysis.

14.     In any event, notwithstanding the objective prong, Defendants are entitled to summary judgment on both of Plaintiff's claims because Plaintiff has presented no evidence that Defendants were deliberately indifferent to his serious medical needs, thus failing the subjective prong.  As to Plaintiff's temporary denial of medical supplies claim, the unrebutted evidence demonstrates that Defendants confiscated Plaintiff's medical supplies because he was hoarding and altering them, yet because they were aware of Plaintiff's need for self-catheterization supplies, Defendants contacted the doctor and obtained an order to provide Plaintiff the necessary supplies within three hours.  (Brandt Decl., ¶¶ 11, 15, 18, 19, 20, 22; Alves Decl., ¶ 14.)  Thus, Defendants were aware of and attendant to Plaintiff's need for medical supplies, and no finder of fact could conclude, on this record, that Defendants were deliberately indifferent to his serious medical needs. Summary judgment on this claim is therefore warranted in Defendants' favor.

15.     As to Plaintiff's claim that Defendant Alves was deliberately indifferent to his penile rash and urinary tract infection, this Court finds insufficient evidence from which a trier of fact could rule in Plaintiff's favor.  Plaintiff's health records reveal that he was seen by medical staff 26 times from June 20, 2003, to August 1, 2003.  (Alves Decl., ¶ 18.) Plaintiff reported a urinary tract infection on July 9, 2003.  (Alves Decl., ¶ 26.)  Urine was collected for outside laboratory testing the next day, and the results available July 13, 2003, indicated an infection.  (Alves Decl., ¶¶ 27, 28.)  Defendant Alves reviewed the test results on July 16, 2003, and immediately prescribed a ten-day course of treatment.  (Alves Decl., ¶ 28.)  When Plaintiff complained of painful urination on July 29, 2003, Defendant Alves ordered new testing and prescribed a new antibiotic.  (Alves Decl., ¶ 30.)  The test

results indicated that Plaintiff no longer had a urinary tract infection.  (Alves Decl., ¶ 31.)

Plaintiff was also seen six times in the span of two weeks for treatment of the rash on his

penis.  (Alves Decl., ¶ 28.)  Accordingly, contrary to Plaintiff's claims, Defendants were in

fact aware of his serious medical conditions and treated them.  There is no evidence that

Defendants acted with a sufficiently culpable state of mind to meet the deliberate

indifference standard.  See Hathaway, 37 F.3d at 66.  Defendants are therefore entitled

to summary judgment on this claim as well.[1]

---

[1]In its decision, the Second Circuit noted that

> Santiago's repeated sick-call requests after Brandt identified Santiago's
> infection and after Santiago apparently received medication creates, on
> the record so far, a possible factual question as to whether the problem
> persisted, and, if it did, whether Brandt and Alves were aware of its
> persistence.  If the problem did persist, this fact could raise a triable issue
> of fact as to the adequacy of Brandt and Alves' treatment of Santiago.

Santiago, 2008 WL 5381238, at *2.

There is not, however, a disputed issue of material fact that precludes summary judgment.
Nothing in this record supports a finding that the adequacy of Plaintiff's medical treatment raises a
constitutional concern.  The prison medical documentation establishes that Defendants Brandt and Alves
saw Plaintiff repeatedly and treated his medical conditions.  Based on the record evidence, which includes
documentation of the number of medical visits and treatment provided, no reasonable jury could conclude
that Defendants were deliberately indifferent to Plaintiff's medical needs.  To the extent that the adequacy
of Defendants' care is challenged, Plaintiff has no constitutional right to ideal medical care: "Because the
Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort
law, not every lapse in prison medical care will rise to the level of a constitutional violation."  Smith, 316
F.3d at 184 (citing Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); see also
Armstrong, 143 F.3d at 703 ("it is well-established that mere disagreement over the proper treatment does
not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner
might prefer a different treatment does not give rise to an Eighth Amendment violation.").  Summary
Judgment is therefore appropriate.

16.    For the foregoing reasons, Plaintiff's motion under Rules 59 and 60 is denied and this Court finds that Defendants are entitled to summary judgment on Plaintiff's claims. In light of this finding, Plaintiff's motion for assignment of counsel will be denied as moot.

IT HEREBY IS ORDERED, that Plaintiff's motion under Rules 59 and 60 (Docket No. 48) is DENIED.

FURTHER, that Plaintiff's Motion for Assignment of Counsel (Docket No. 59) is DENIED as moot.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:      March 29, 2011
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                           Chief Judge
                                    United States District Court